UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEGA GEBRU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-2076-AH |
| | § | |
| SEARS, ROEBUCK & COMPANY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consent of the parties and the District Court's order of transfer filed on May 13, 2009, came on to be considered Defendant's motion for summary judgment (Docs. # 18-19) filed on June 5, 2009 and Defendant's motion to strike Plaintiff's disclosures or in the alternative motion for sanctions (Doc # 20) filed on June 11, 2009. Having considered the relevant pleadings, and for the reasons discussed below, the court finds and orders as follows:

*Procedural History:*

Plaintiff initiated suit on December 13, 2007, with the filing of Plaintiff's Original Complaint, claiming that he is entitled to monetary damages from Sears on the basis of alleged violations of his civil rights in the form of discrimination in a public accommodation pursuant to 42 U.S.C. § 2000a and state law claims for: (1) intentional infliction of emotional distress; (2) negligent hiring, retention, supervision, training, and investigation; (3) slander per se; (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (5) false imprisonment; (6) negligence; and (7) invasion of privacy. The incident on which each of Plaintiff's claims is based took place on March 11, 2006.

Service of process of the original complaint upon Sears was neither obtained nor attempted within the 120-day time period, and on May 7, 2008, the District Court issued an order to show cause putting Plaintiff on notice that his case would be dismissed for failure to file a valid return of service or to show good cause why service could not be made.  On June 6, 2008, Plaintiff's counsel filed a return of service, indicating service was obtained upon Defendant's registered agent on June 5, 2008.  On June 24, 2008, Defendant filed a motion to dismiss.  On October 14, 2008, the court issued an order stating that Plaintiff had not filed a timely response to Defendant's motion, giving Plaintiff ten days to file a response.  Plaintiff did not file a response, and on January 14, 2009, the District Court filed an order granting Defendant's motion to dismiss Plaintiff's claims for slander, negligence, negligent hiring, retention, supervision, training and investigation, and violations of the DTPA, with prejudice, and denying the motion with respect to the remaining claims.

Following entry of the court's order of January 14, 2009, the claims which remain at issue are: (1) discrimination in public accommodation pursuant to 42 U.S.C. § 2000a, and state law claims for: (2) intentional infliction of emotional distress; (3) false imprisonment; and (4) invasion of privacy.  On June 5, 2009, Defendant filed a motion for summary judgment and on June 11, 2009, Defendant filed a motion to strike Plaintiff's disclosures and for sanctions.  Plaintiff has not filed a response to either motion.  Sears raises an affirmative defense of limitations in its motion for summary judgment, which has not been rebutted by Plaintiff.

*Summary Judgment Standard*:

A party may move for summary judgment in the party's favor at any time. Fed. R. Civ. P. 56(b). To prevail on a motion for summary judgment, the moving party has the initial burden of showing there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248. An issue is "material" if it involves a fact that may affect the outcome of the suit under governing law. *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). If the moving party presents evidence tending to show the absence of any genuine issue of fact, the opposing party must then identify specific evidence in the record which establishes the existence of one or more issues of fact, i.e., a non-movant may not merely rely on his or her pleadings. *See Anderson*, 477 U.S. at 256-57; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In analyzing the competent evidence proffered by the parties, the facts and the inferences to be drawn are viewed in the light most favorable to the non-movants. *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993); *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989).

<u>Discussion:</u>

Defendant Sears argues that summary judgment is appropriate because Plaintiff Gebru failed to timely effect service, or to provide evidence of a good faith attempt to effect service, within the two-year limitations period. As stated previously, the incident from which the allegations in the complaint arise occurred on March 11, 2006. The complaint was filed on

December 13, 2007. Defendant was not served notice within 120 days of filing, and the court entered an order to show cause on May 7, 2008, pursuant to Fed. R. Civ. P. 4(m), directing Plaintiff to file a valid return of service no later than June 6, 2008. Plaintiff executed a return of service form on June 5, 2008 and filed it on June 6, 2008.

In Texas, the statute of limitations for personal injury actions in Texas is two years. Tex. Civ. Prac. & Rem. Code 16.003(a).[1] "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. However, under Texas statute-of-limitations law, "in order to 'bring suit' on a state law claim within the two-year statute of limitations, the Plaintiff must not only file suit within the limitations period but must also use due diligence in serving the defendant with process if the defendant is served after the expiration of the limitations period." *Parades v. City of Odessa*, 128 F.Supp.2d 1009, 1016 (W.D.Tex. 2000) (quoting *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam)). "This rule is applied to Texas law claims asserted in cases filed in federal courts in Texas." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021, n.1 (5th Cir. 1998).

If the plaintiff does not exercise "due diligence" in effecting service, the late service will not relate back to the original filing date and the lawsuit must be dismissed on limitations grounds. *Parades* at 1016. "Generally, where the plaintiff makes no attempt to serve the defendant within the limitations period, an explanation for the absence of any attempt to procure service will not raise a fact issue as to whether due diligence was used." *Parades* at 1019.

---

[1] Sec. 16.003. TWO-YEAR LIMITATIONS PERIOD. (a) Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

4

Gebru failed to serve Sears within the two-year statute of limitations; serving process two years and seventy-six days after the alleged incident, with no explanation as to why service was delayed. "Once the defendant establishes that the plaintiff did not serve the complaint within the two-year limitations period, the burden shifts to the plaintiff to produce summary judgment evidence raising a fact question as to whether the plaintiff used due diligence in attempting to procure timely service on the defendant." *Parades* at 1018, citing *Newman v. Broadus*, 847 S.W.2d 249, 251 (Tex. App.- Corpus Christie 1992, no writ); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex.App.- Dallas 1996, writ denied). In this case, the Plaintiff has neither presented evidence of attempts to effect service nor offered any explanation for the absence of service. Therefore, there are no fact issues regarding the lack of due diligence on the part of the Plaintiff and his remaining state law claims are barred by limitations.

Defendant Sears also argues that Texas' two-year statute of limitations for personal injury applies to Plaintiff's federal claim of discrimination in public accommodation brought under 42 U.S.C. § 2000a. Courts in other circuits have held that a state's two-year statute of limitations for personal injury actions applies to a § 2000a claim. See *Brown v. Loudoun Golf & Country Club, Inc.*, 573 F.Supp. 399, 401 (E.D.Va., 1983)[2]; *Donaldson v. The Hyatt Corporation*, No. 90-0348, 1990WL205811, 1990 U.S.Dist.LEXIS 16039 (N.D.Ill. Nov. 29, 1990).[3] Under Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the

---

[2] In *Brown*, the parties agreed that "the most analogous state statute of limitations" applies because Title II does not specify a time limit for bringing an action; however they disagreed over which state statute was most analogous. The court found Virginia's two year limitation for personal injury actions applied. *Brown* at 401.

[3] "Neither Donaldson nor the court object[ed]" to Defendant Hyatt's assertion that actions under 42 U.S.C. §§ 1981, 1985(3), and 2000a are limited by Illinois' two year statute of limitations for personal injury actions.

court." In this case, Plaintiff filed his complaint within the two-year statute of limitations. While state statutes of limitations, including tolling provisions, are borrowed in order to determine the time period within which the statutes must be satisfied, in a federal cause of action "the question of when and how the applicable statute of limitations has been satisfied must be determined as a matter of federal law." *Slaughter v. Haughton*, 89 F.R.D. 163, 165 (N.D.Ill. 1981) (Holding the filing of an action pursuant to Fed. R. Civ. P. 3, and not the service of process pursuant to Ill. Rev. Stat. Ch. 110A, s103(b), was sufficient to satisfy statutes of limitations for <u>federal causes</u> of action brought in federal court and applying state statutes of limitations.).

Dismissing Gebru's § 2000a-3 claim on limitations grounds would be inappropriate given that his federal claim was timely filed pursuant to Fed. R. Civ. P. 3. However, his federal claim is nonetheless subject to dismissal under Rule 12(b)(6). Relief available to a prevailing plaintiff in a § 2000a-3 action is limited to injunctive relief. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964 (1968); *Govea v. ATF*, 207 Fed. Appx. 369 (5th Cir. 2006). Gebru seeks injunctive relief, costs and attorneys' fees pursuant to this claim. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice"; however, in response to a summary judgment motion, "the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. R. Civ. P. 56(e), which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130 (1992). Moreover, in order to survive a motion to dismiss, the complaint must state a plausible claim for relief. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009). It is axiomatic that one of the elements which must be

satisfied in an action for injunctive relief is that of irreparable harm.  While Gebru's complaint alleges he was subjected to "false, racist, and outrageous remarks" depriving him of full and equal enjoyment of his contractual rights with Sears, Complaint at 5-6, the allegations of discrimination are based entirely on the March 11, 2006, confrontation.  There is no claim or suggestion that any similar conduct occurred prior to or subsequent to that date.  Succinctly stated there is nothing to hint that Gebru is likely to suffer irreparable harm in the future if an injunction is not entered.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660 (1983) and *Govea, supra* at 369, citing *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998); *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985).  Furthermore, Plaintiff has not responded to the motion for summary judgment, and has provided neither evidence nor specific facts favoring prospective relief.  Defendant's motion for summary judgment is granted as to the state law claims, and Plaintiff's remaining federal claim is dismissed.

Regarding Defendant's motion to strike, or in the alternative, motion for sanctions, Defendant Sears requests that the court strike Plaintiff's Rule 26(a) disclosures and award Defendant monetary sanctions and attorneys' fees and expenses for preparing the motion.  As with the Motion for Summary Judgment, Plaintiff failed to reply, contest, or even acknowledge the motion.  However, because the court is granting summary judgment to Defendant, this motion is denied, either because of mootness or in the alternative on the merits.

**IT IS, THEREFORE, ORDERED** that the motion for summary judgment filed by Defendant Sears, Roebuck & Company is GRANTED.  The Court therefore dismisses all of

Plaintiff's causes of action against Defendant with prejudice.

*Wm. F. Sanderson Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE